IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**ROBERT E. WALCHLI, RACHELLE J. WALCHLI**,

        Plaintiffs,

        v.

**COMMUNITY BANK, an Oregon corporation; TOM MORAN, Chief Executive Officer, Community Bank; NORM WINTERS, Vice President, Community Bank; BARRY G. LAWS, Assistant Vice President, Community Bank, and DOES I-X**,

        Defendants.

No. CV 09-359-AC

OPINION & ORDER

**MOSMAN, J.**,

On March 16, 2010, Magistrate Judge Acosta issued Findings and Recommendation ("F&R") (#44) in the above-captioned case recommending that I GRANT defendants' Motion to Dismiss (#23). Plaintiffs filed objections (#46) to the F&R and defendants responded (#50).

## DISCUSSION

The magistrate judge makes only recommendations to the court, to which any party may file written objections. The court is not bound by the recommendations of the magistrate judge, but retains responsibility for making the final determination. The court is generally required to make

PAGE 1 - OPINION & ORDER

a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made. 28 U.S.C. § 636(b)(1)(C). However, the court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the F&R to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). While the level of scrutiny under which I am required to review the F&R depends on whether or not objections have been filed, in either case, I am free to accept, reject, or modify any of the magistrate judge's F&R. 28 U.S.C. § 636(b)(1)(C).

Plaintiffs preliminarily object that the F&R misapplied the otherwise correctly stated *Twombly/Iqbal* standard of review for 12(b)(6) motions by requiring "probability" instead of "plausibility." (Pls.' Objections (#46) 1-3.) They do not explain precisely how the F&R requires probability, and I find no such requirement in my review of the F&R. The F&R properly states and applies the standard of review in light of recent Supreme Court and Ninth Circuit caselaw on point.

I agree with Judge Acosta's analysis of the RICO claim, and I write separately to note an additional observation about the insufficiency of the pleadings on this claim. While an essential element of plaintiffs' civil RICO action is the allegation that the defendants engaged in a pattern of racketeering activity, "the district court must first [find] a scheme to defraud" when the alleged predicate acts involve mail or wire fraud under 18 U.S.C. §§ 1341 and 1343. *United States v. Phillip Morris USA Inc.*, 566 F.3d 1095, 1116 (D.C. Cir. 2009). Only then can the court "conclude[] [whether] the alleged mailings [or] wire transmissions were in furtherance of such scheme." *Id.* The alleged "scheme or artifice to defraud" under § 1341 requires some evidence or inference of a defendant's intent to defraud. *See* 18 U.S.C. § 1341; *Diamonds Plus, Inc. v. Kolber*, 960 F.2d 765,

768 (8th Cir. 1992); *see also Carpenter v. United States*, 484 U.S. 19, 27 (1987) (finding that the phrase "to defraud" in the context of the mail fraud statute typically signifies "the deprivation of something of value by trick, deceit, chicane or overreaching").

Here, the alleged scheme to defraud is apparently deprivation of the plaintiffs' farming operation "through a course of fraudulent conduct designed to entice Plaintiffs away from their existing lender, Banner Bank." (Pls.' Third Am. Compl. (#18) ¶ 112.) Plaintiffs contend that defendants' oral representations constitute the fraud used to entice them away from Banner. (*See id.* ¶ 111 ("Defendants made these statements solely to entice Plaintiffs' business").) Even if defendants did make false or fraudulent statements in attempt to get plaintiffs as customers, that alone does not evidence a scheme or intent to *defraud* them but rather a poor business strategy that might ultimately lead to an action at common law for something like fraudulent misrepresentation, false advertising, or promissory estoppel. Here, plaintiffs offer no facts to suggest the false statements related to a "scheme or artifice to defraud"—the foundation of a RICO claim alleging mail or wire fraud as the predicate act.

Plaintiffs also point to the letter dated February 19, 2001, in which Community Bank offered to extend a line of credit to plaintiffs, as furthering the alleged scheme. Similarly to the discussion above, I note that a scheme designed to entice plaintiffs away from their previous lender is not fraudulent by itself, but rather a common marketing tactic. Even here, where plaintiffs allege that defendants made promises and then breached them several years later, a claimant must demonstrate something more to establish a plausible scheme to defraud. Every subsequent breach of a promise or contract, without more, does not evidence an initial scheme to defraud. Plaintiffs offer no facts to support an intent to defraud, but merely state that defendants "did not intend . . . [to] follow any

PAGE 3 - OPINION & ORDER

of the [oral] representations." (*Id.*) Here, plaintiffs and defendants carried on an otherwise normal commercial banking relationship for several years before things broke down. Taking all the allegations as true, there is still nothing to suggest or infer that defendants' initial efforts to obtain plaintiffs' business were made pursuant to a scheme to defraud them. I find that plaintiffs failed to allege a plausible scheme to defraud on which the Court could base a RICO claim.[1]

Upon review, I agree with Judge Acosta's recommendation regarding the RICO claim, and I ADOPT that portion of the F&R (#44) as my own opinion. Because I also agree with the recommendation to decline the exercise of supplemental jurisdiction, I decline to review the state law claims and neither adopt nor reject the F&R on those claims. Defendants' Motion to Dismiss (#23) is GRANTED as to the RICO claim. Judgment will follow dismissing the RICO claim with prejudice and dismissing the remaining state law claims without prejudice.

IT IS SO ORDERED.

DATED this   25th   day of May, 2010.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Court

---

[1] Even if plaintiffs did allege a plausible scheme to defraud plaintiffs by enticing them away from their prior lender, I note, as did defendants and Judge Acosta, that plaintiffs submitted one letter in furtherance of that scheme. If a valid scheme existed, the letter (whether truthful or false) could constitute a single predicate act in furtherance of the scheme to defraud. The RICO statute, however, requires at least two acts of racketeering activity, not just singular or sporadic activity. (*See* F&R (#44) 10-11.)

PAGE 4 - OPINION & ORDER