UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION


ROBERT E. WALCHI, RACHELLE J.
WALCHI,

                         Plaintiffs,

          v.

COMMUNITY BANK, an Oregon
corporation, et al.,

                         Defendant.

Case No. CV 09-359-AC

OPINION AND ORDER


*Opinion*

          Before the court is defendant Community Bank's ("the bank") cost bill.  On June 2, 2010,

U.S. District Court Judge Michael Mosman adopted this court's March 16, 2010, Findings and

Recommendation (Docket No. 44) and granted the bank's motion to dismiss plaintiffs' complaint

in its entirety.  (Docket No. 51.)  Judge Mosman entered judgment in the case on that same date.

(Docket No. 52.)  On  June 15, 2010, the bank filed its cost bill (Docket No. 53)  Plaintiffs filed no

OPINION AND ORDER                    1

opposition to the bank's cost bill.

For the reasons explained below, the court denies the bank's cost bill.

*Background*

Plaintiffs sued the bank for bad faith lending based on fraud, misrepresentation, breach of fiduciary duty, breach of contract, and negligence, among other theories, arising from an annual crop loan which the bank declined to renew in 2006. Plaintiffs filed their complaint on April 4, 2009, and amended their complaint three times thereafter. On August 6, 2009, the bank filed its motion to dismiss all claims in the plaintiffs' third amended complaint. The bank's motion raised legal issues only, as the factual allegations in the plaintiffs' third amended complaint were taken as true, and neither party sought to incorporate by reference documents into the complaint, asked for judicial notice of documents, or submitted affidavit or deposition testimony.

*Standards*

The specific items a prevailing party may recover as costs are listed in 28 U.S.C. § 1920. Costs "should be allowed to the prevailing party." FED. R. CIV. P. 54(d)(1). This rule creates a presumption in favor of awarding costs to the prevailing party; if a district court departs from that presumption, it must provide an explanation so that the appellate court can determine whether the district court abused its discretion. *See, e.g., Association of Mexican-American Educators* v. *State of California,* 231 F.3d 572, 592-93 (9th Cir. 2000) (en banc) (if disallowing costs, the district court should "explain why a case is not 'ordinary' and why, in the circumstances, it would be inappropriate or inequitable to award costs."). *See also Save Our Valley v. Sound Transit*, 335 F.3d 932, 945 (9th Cir. 2003) (district court "need only find that the reasons for denying costs are not sufficiently persuasive to overcome the presumption in favor of an award"). Courts, however, are free to

OPINION AND ORDER                    2

construe the meaning and scope of the items enumerated as taxable costs in §1920, *Alflex Corp. v. Underwriters Lab., Inc.,* 914 F.2d 175, 177 (9th Cir. 1990) (per curiam), and the trial judge has wide discretion in awarding costs under FRCP 54(d)(1). *Arboireau v. Adidas Salomon AG*, No. 01-105-ST, 2002 WL 31466564, at *4 (D. Or. June 14, 2002).

*Discussion*

The bank seeks costs in only a single category, copying costs. Under 28 U.S.C. § 1920(4), a prevailing party may recover "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." 28 U.S.C. § 1920(4). Copying costs for documents produced to opposing parties in discovery, submitted to the court for consideration of motions, or used as exhibits at trial are recoverable. *Arboireau*, 2002 WL 31466564, at *6 (*citing Fressell v. AT&T Tech., Inc.,* 103 F.R.D. 111, 115-16 (N.D. Ga. 1984)). However, recoverable copying costs "do 'not include extra copies of filed papers, correspondence, and copies of cases since these are prepared for the convenience of the attorneys.'" *Id.* (citation omitted). Recoverable copying costs also do not include costs associated with in-house photocopying for use by counsel. *Frederick v. City of Portland*, 162 F.R.D. 139, 144 (D. Or. 1995). A party's conclusory assertion that all copies were reasonably necessary to its case is, by itself, insufficient. *Kraft v. Arden*, No. 07-487-PK, 2009 WL 73869, at *9 (D. Or. Jan. 8, 2009). *See also Arboireau*, 2002 WL 31466564, at *6 (same). This court has previously denied a copying costs where the cost bill failed to comply with these rules. *See Kyei v. ODOT*, No. CV07-1607-AC, 2010 WL 935489, at *4-5 (D. Or. March 11, 2010).

The bank seeks $1,316.33 for copies and describes their origin and purpose as follows:

> Defendants made copies of plaintiffs' First, Second and Third Amended Complaint, Complaint exhibits, and various other papers filed in this action. Defendants made

OPINION AND ORDER          3

copies of their own papers, legal research, litigation notebooks and other materials prepared in connection with the proceedings of this matter. Defendants made copies of electronic materials in anticipation of document production and as directed by this Court. These costs are set forth as follows:

| | |
|---|---|
| Photocopies (in house) | $318.15 |
| Data Reproduction Services (third party invoices) | $998.18 |
| **Total Costs:** | **$1,316.33** |

Memorandum in Support of Bill of Costs 2. The bank then asserts: "As set forth above and detailed in the Declaration of Lisa Umscheid, these costs were necessarily incurred in connection with defendants' legal defense. These costs should be awarded." *Id*.

The bank's request for copying costs is denied for two reasons. First, the bank has not met its burden to explain the nature of the copying costs. In *Key Bank Nat'l Ass'n v. Van Noy*, 598 F. Supp. 2d 1160 (D. Or. 2009), Judge Hubel denied copy costs to the prevailing party because the prevailing party failed to explain the nature of the photocopying charges and the court could not determine which costs, if any, were properly awardable and which were not. *Id*. at 1168. Here, the bank fails to provide the detail necessary to enable the court to determine for which copies the bank may properly recover costs. Although the bank supplies a billing printout that contains entries of the date, per-page cost, and total cost of copies made, each entry bears the description "Walchli Photocopies" without further explanation or description of the purpose of the copies. The supporting affidavit to which the billing printout is attached contains no explanation or description of the purpose of any of the printout's entries. In sum, nothing in the cost bill, the supporting memorandum, or the supporting affidavit contains a representation that these copies, or any portion of them, were submitted in connection with motions filed in the case or other documents submitted to the court, or another purpose for which costs could be recovered. To the contrary, the bank's

OPINION AND ORDER                    4

description shows that the great portion of the copies were made for the convenience of the bank's counsel and "in house" use – precisely the type of copies the cost for which the courts find not recoverable.

The bank's description of the copies includes a reference to copies made in anticipation of production to plaintiffs, and these costs might be recoverable. However, without a more detailed description of what documents were copied and whether they were in fact produced to the plaintiffs, the court cannot determine whether any amount should be recoverable for these copies. More problematic is the bank's failure to segregate costs for categories of copies within the total amount of costs sought. The court simply cannot determine what amount, if any, of the $1,316.33 is attributable to these copies.

Second, the bank provides only an assertion that the copy costs "were necessarily incurred in connection with defendants' legal defense". As noted above, such a conclusory assertion is not sufficient to support a request for costs under 28 U.S.C. § 1920. Without more, especially given the vague description of the copies themselves, the court cannot determine whether, in fact, any of the copies referenced are properly recoverable under the statute.

*Order*

For the reasons explained above, the bank's cost bill (Docket No. 53) is DENIED.

Dated this 28th day of July, 2010.

     /s/ John V. Acosta
John V. Acosta
U.S. Magistrate Judge

OPINION AND ORDER                5